BRETT L. TOLMAN, United States Attorney (#8821)
CY H. CASTLE, Assistant United States Attorney (#4808)
PETER J KUHN, Special Assistant United States Attorney (#3820)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-6924

FILED
U.S. DISTRICT COURT
2009 OCT -7  P 3: 42

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| Plaintiff, | |
| vs. | Case No. 02:05cr202 DB |
| | Judge Dee Benson |
| SHELBY ELIZABETH NICHOLS, | |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:

1.      As part of this agreement with the United States, I intend to plead guilty to Count 6 of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

2(a)    The elements of Count 6, False Bankruptcy Documents, are that a defendant (1) knowingly conceals, falsifies or makes a false entry; (2) in a document with the intent to impede, obstruct, or influence; (3) any case filed under title 11, or in relation to or contemplation of any such matter or case.

  2(b)  I know that the maximum possible penalty provided by law for Count 6 of the Indictment, ~~Wire Fraud~~ a violation of Title 18, United States Code, § 1519, is a term of imprisonment of up to twenty (20) years and a fine of $250,0000 or twice the gross gain or loss, whichever is greater, or both, and a term of supervised release of up to 5 years.

  3.  I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of offenses shall be ordered pursuant to 18 U.S.C. § 3663A.

  4.  I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

  5.  I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

  6.  I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

  7.  I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    (a)  I have a right to the assistance of counsel at every stage of the proceeding.

    (b)  I have a right to see and observe the witnesses who testify against me.

    (c)  My attorney can cross-examine all witnesses who testify against me.

    (d)  I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

    (e)  I cannot be forced to incriminate myself, and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(I) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

8. If I plead guilty, I will not have a trial of any kind.

9. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

10. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

11. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

12. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> As to Count 6, on or about March 29, 2004, in the District of Utah, I knowingly falsified, concealed and made a false entry in a document with the intent to impede, obstruct and influence a case filed under Title 11, *In re Shelby Elizabeth Nichols*, Case No. 04-24916, by filing Schedules of Assets and Liabilities with the United States Bankruptcy Court for the District of Utah in which I falsely stated "None" in response to question 16 of Schedule B of the Schedules of Assets and Liabilities about whether I was and may be entitled to alimony, maintenance, support and a property settlement. Specifically, when I signed and filed my Schedules of Assets and Liabilities, I knew I was entitled to half of the value of the Thrift Savings Plan of my husband, J.N., of $39,355.50 as part of a property settlement I had been awarded in my divorce from J.N.

13.     The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A.    The defendant agrees:

        (1)    To plead guilty to Count 6 of the Indictment.

        (2)    To pay $10,000 restitution prior to sentencing.

        (3)    If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that my statements pursuant to this agreement, or any leads derived therefrom, should be suppressed or are inadmissible at any trial, hearing, or other proceeding.

    B.    The United States agrees:

        (1)    To dismiss Counts 1 through 5 and 7 through 9 at the time of sentencing;

        (2)    To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines and paragraph 12.A(4) above;

        (3)    To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under § Section 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction;

        (4)    To recommend at sentencing that the defendant be sentenced at the low-end of the range in the U.S. Sentencing Guidelines. The United States' agreement is based on the present facts and circumstances, and if the facts change, the United States shall not be bound by this provision.

C. The parties jointly stipulate and agree:

(1) The amount of restitution owed in this case is $10,000, payable to Bankruptcy Trustee Joel Marker.

I make the following representations to the Court:

1. I am _**40**_ years of age. My education consists of _**Some college**_. I (can) read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this _**6th**_ day of ~~September,~~ 2009.
_**October**_

_____
Shelby Elizabeth Nichols
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained her rights to her, and I have assisted her in completing this form. I believe that she is knowingly and voluntarily entering the plea with full knowledge of her legal rights and that there is a factual basis for the plea.

DATED this 6th day of ~~September~~ October, 2009.

_____
Benjamin C. McMurray
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 6th day of ~~September~~ October, 2009.

BRETT L. TOLMAN
United States Attorney

_____
Cy H. Castle
Assistant United States Attorney
Peter J. Kuhn
Special Assistant United States Attorney

- 6 -